IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Dickenson,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-16-02390-PHX-DLR (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

    Pending before the Court is Joseph Dickenson's ("Petitioner") "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Petition") (Doc. 1). Respondents have filed a Limited Answer (Doc. 8), to which Petitioner has not replied. The matter is deemed ripe for consideration.

    In his single ground for habeas relief, Petitioner argues that his trial counsel was constitutionally ineffective. Because the undersigned finds that the claim is procedurally defaulted, it is recommended that the Petition be denied and dismissed with prejudice.

### I. BACKGROUND

    On January 11, 2011, the State of Arizona filed a twelve-count complaint against Petitioner. (Doc. 8-1 at 3-7). A jury found Petitioner guilty on all counts. (*Id.* at 35-36). The trial court sentenced Petitioner to concurrent prison terms ranging from 2.5 years to

eight years. (*Id.* at 41-42). On November 17, 2015, the Arizona Court of Appeals affirmed Petitioner's convictions, but modified his sentence to reflect additional presentence incarceration credits. (*Id.* at 15-22).

On September 17, 2015, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Doc. 8-2 at 5-8). On March 28, 2016, Petitioner, through counsel, filed a PCR Petition. (*Id.* at 10-37). The trial court denied the PCR Petition on June 16, 2016. (*Id.* at 64). Petitioner did not petition the Arizona Court of Appeals for review of the trial court's decision.

## II. LEGAL STANDARDS

### A. Exhaustion-of-State-Remedies Doctrine

It is well-settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id*. In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the

available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim must be "explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds").

### B. Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements

for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The

exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### III. ANALYSIS

#### A. Petitioner's Claims for Habeas Relief are Procedurally Defaulted

Petitioner presents one ground for habeas relief, which contains two sub-claims. In the first sub-claim, Petitioner argues that his trial counsel was constitutionally ineffective by not explaining to him what a settlement conference is and by failing to adequately inform Petitioner of the terms of an offered plea agreement. (Doc. 1 at 6). Petitioner presented this claim in his PCR Petition. (Doc. 8-2 at 16-17). Petitioner, however, did not seek review in the Arizona Court of Appeals following the trial court's dismissal of the PCR Petition. The habeas claim therefore has not been exhausted. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"). In addition, Arizona Rule of Criminal Procedure 32.9(c), which requires a defendant to file a petition for review within thirty days after a trial court's decision on a PCR petition, would preclude Petitioner from returning to state court to exhaust the above habeas claim. Rule 32.9(c) is "independent" because it is not interwoven with federal law. *See La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (to be independent, "the state law basis for the decision must not be interwoven with federal law"). Rule 32.9(c) is "adequate" because it is clear, firmly established, and consistently applied. *See, e.g., State v. Carriger*, 692 P.2d 991, 995 (Ariz. 1984) (en banc) (observing that petitioners must strictly comply with Rule 32 or be denied relief); *State v. Gause*, 541 P.2d 396, 397 (Ariz. 1975) (en banc) (dismissing purported appeal where defendant did

not comply with the requirements of Rule 32.9 and gave no valid reason for the failure); *State v. French*, 7 P.3d 128, 131 (Ariz. Ct. App. 2000) (summarily rejecting claims for failure to comply with Rule 32.9). Accordingly, Petitioner's first sub-claim for habeas relief is procedurally defaulted.

In the second sub-claim contained in Ground One, Petitioner argues that "[c]ounsel informed client he would get trial date extended, but instead proceeded with trial without client's knowledge." (*Id.*). Respondents correctly observe that Petitioner did not present this claim in state court. (Doc. 8 at 6). The second sub-claim is therefore unexhausted. If Petitioner returned to state court and presented those grounds in a another PCR Petition, the Petition would be untimely. *See* Ariz. R. Crim. P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later"). Although Arizona Rule of Criminal Procedure 32.4 does not bar untimely PCR claims that fall within the category of claims specified in Arizona Rule of Criminal Procedure 32.1(d) through (h), Petitioner has not asserted that any of these exceptions apply to him and the undersigned does not find that any of the exceptions would apply.

Further, under Arizona Rule of Criminal Procedure 32.2(a), a defendant is precluded from raising claims that were adjudicated or could have been raised and adjudicated on direct appeal or in any previous collateral proceeding. *See Krone v. Hotham*, 890 P.2d 1149, 1151 (Ariz. 1995) (capital defendant's early petition for post-conviction relief raised limited number of issues and waived other issues that he could have then raised, but did not); *State v. Curtis*, 912 P.2d 1341, 1342 (Ariz. Ct. App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman*, 875 P.2d 850, 857 (Ariz. Ct. App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal). Because

adequate and independent state procedural rules would preclude Petitioner from returning to state court to exhaust the second sub-claim in Ground One, the undersigned finds that the claim is procedurally defaulted. *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)); *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent and adequate bases for denying relief.") (citing *Stewart v. Smith*, 536 U.S. 856, 859-60 (2002) (per curiam) (holding denials pursuant to Arizona waiver rules are independent of federal law)); *Simmons v. Schriro*, 187 F. App'x 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules are "clear" and "well-established"); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding 32.2(a) regularly followed and adequate).

### B. Petitioner's Procedural Default is Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

Petitioner's status as a pro se litigant does not exempt Petitioner from the "cause and prejudice" standard. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908-09 (9th Cir. 1986) (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who relied upon incompetent "jailhouse lawyers" failed to show cause). Petitioner has not shown that an objective factor external to Petitioner impeded his efforts to file a PCR notice. Petitioner has therefore failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has

shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Petitioner does not allege that he is actually innocent and after reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case.

## IV. CONCLUSION

Based on the foregoing reasons,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and the undersigned finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.[1]

### Effect of Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

---

[1] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 26th day of April, 2017.

_____
Eileen S. Willett
United States Magistrate Judge